IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |
|---|---|
| HIEN THAI,<br><br>        Petitioner,<br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; TODD BLANCHE, in his official capacity as Acting United States Attorney General; TODD LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as St. Paul Field Office Director; and, KEVIN SCHNEIDER, in his official capacity as Polk County Sheriff;<br><br>        Respondents. | **No. 4:26-cv-00181-RGE-WPK**<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Hien Thai commences this action against Respondents Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security; Todd Blanche, in his official capacity as Acting United States Attorney General; Todd Lyons, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; David Easterbrook, in his official capacity as St. Paul Field Office Director; and Kevin Schneider, in his official capacity as Polk County Sheriff. Pet. Writ Habeas Corpus, ECF No. 1. In this habeas corpus petition, Thai alleges he was arrested and is being detained by Respondents in violation of the Fifth Amendment, among other claims. *Id.* ¶ 2. Thai seeks an immediate order preventing Respondents from transferring him out of the district and requests the Court issue an order to show cause as to whether Thai is being detained in violation of due process. *Id.* at 19; Pl.'s Mot. TRO ¶ 2–3, ECF No. 2. He also moves for an order requiring Respondents to release him from custody and return him to the

conditions of his prior order of supervision. ECF No. 1 ¶¶ 22–23.

The petition alleges Thai is a native and citizen of Vietnam. *Id.* ¶ 1. He entered the United States in 1992, and became a lawful permanent resident. *Id.* ¶ 3. Thai was convicted of terrorism and murder in the second degree in Polk County, Iowa. *Id.* ¶ 4; *see State v. Thai*, 575 N.W.2d 521, 523 (Iowa 1997). As a result, Thai was ordered removed from the United States and received his final order of removal on September 10, 2003. ECF No. 1 ¶ 5. Thai completed his Iowa state sentence on March 21, 2013, and ICE subsequently took custody of him to await deportation. *Id.* ¶ 6. ICE released Thai after ninety days and placed him on an order of supervision because his removal to Vietnam was not significantly likely in the reasonably foreseeable future. *Id.* ¶¶ 7–9. Thai was re-detained on January 5, 2026, and remains detained in the Polk County Jail in Des Moines, Iowa. *Id.* ¶¶ 12, 16.

The Court has jurisdiction over a habeas petition pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis,* 533 U.S. 678, 687–88 (2001). Section 1252(g) does not preclude the Court from reviewing the legality of Thai's detention. *See* 8 U.S.C. § 1252(g); *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999) (limiting the jurisdiction-stripping provision of § 1252(g) to "three discrete actions:" the "'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders'" (quoting 8 U.S.C. § 1252(g)) (emphasis removed)).

The Court may "employ procedures necessary" to maintain proper jurisdiction over an action and to "promote the resolution of issues in a case properly before it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) (stating the All Writs Act and procedures undertaken pursuant to the Act properly "aid[s] the court in the exercise of its jurisdiction" when the procedures "facilitate[e] . . . the court's effort to manage the case to judgment"); *see* 28 U.S.C. § 1651. In order to maintain proper jurisdiction in this matter, the Court enjoins Respondents from

removing Thai outside of the Southern District of Iowa without meaningful notice and an opportunity to be heard.

Thai challenges his continued detention as an arbitrary deprivation of liberty in violation of the Due Process Clause. ECF No. 1 ¶¶ 2, 94–101. Thai further asserts his arrest and detention violate his rights because "[f]ederal statutes and regulations require ICE to follow certain procedures before they redetained [Thai]" and "ICE failed to comply with these laws prior to redetaining [Thai], thereby depriving [Thai] of his constitutional right to due process." *Id.* ¶ 77. Thai also states "third country removal would violate due process because Petitioner had no opportunity to seek fear-based protection." *Id.* ¶ 2.

The Fifth Amendment guarantees no citizen or noncitizen may be deprived of life, liberty, or property without due process of law. U.S. Const. amend. V; *see Zadvydas,* 533 U.S. at 690. Civil detention violates due process unless nonpunitive purposes, such as ensuring future appearances at immigration proceedings or preventing danger to the community, outweigh an individual's interest in avoiding restraint. *See Zadvydas,* 533 U.S. at 690–91. There is no indication on the face of Thai's Writ whether Respondents had a valid purpose for re-detaining Thai or whether Respondents complied with the due process requirements of the Fifth Amendment. *See generally* ECF No. 1.

For the foregoing reasons,

**IT IS ORDERED** that Respondents Kevin Schneider, Markwayne Mullin, Todd Blanche, Todd Lyons, and David Easterbrook are directed to show cause why Petitioner Hien Thai is not being unlawfully detained. For good cause, Respondents shall submit this information to the Court by May 8, 2026. Failure to file a response may result in sanctions by the Court, up to and including immediate grant of Thai's requested relief.

**IT IS FURTHER ORDERED** that Respondents Kevin Schneider, Markwayne Mullin,

3

Todd Blanche, Todd Lyons, and David Easterbrook are enjoined from removing Petitioner Hien Thai outside of the Southern District of Iowa during the pendency of the habeas proceedings without meaningful notice and an opportunity to be heard.

**IT IS SO ORDERED**.

Dated this 29th day of April, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

4